IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VALERIE HODGES, | ) | 8:12CV424 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GLENDA GREEN, SHELLY | ) | |
| BURGHARDT, and O.P.S., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Valerie Hodges ("Plaintiff") filed her Complaint in this matter on December 13, 2012. (Filing No. 1.) Plaintiff was given leave to proceed in forma pauperis on January 14, 2013. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Plaintiff filed her Complaint against Glenda Green, Shelly Burghardt, and "O.P.S." (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff alleges discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and e-3(a) ("Title VII").

Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges that she submitted "bid cards" for employment at Hartman Elementary School, but she did not receive any position for which she submitted these "bid cards." (Filing No. 1 at CM/ECF p. 2.) Plaintiff alleges that she gave Glenda Green proof of her seniority and proof of her college degree. (*Id.* at CM/ECF p. 3.) Plaintiff does not explain who Glenda Green is or the role she played in the

alleged discrimination. As relief, Plaintiff seeks "justice" and "financial compensation." (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. No Prima Facie Case of Discrimination

2

Liberally construed, Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act. Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that (1) she belongs to a protected class; (2) she was meeting the legitimate expectations of her employer; (3) she suffered an adverse employment action; and (4) circumstances exist that give rise to an inference of discrimination. *Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004) (*abrogated on other grounds by* *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011)).

Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his or her administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(b); *see also* *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff does not allege that she is a member of a protected class, or that she was meeting the legitimate expectations of her employer. As such, Plaintiff has failed to set forth a prima facie case of discrimination under Title VII. In addition,

Plaintiff has not filed a copy of her EEOC charge or her right-to-sue notice. Thus, the court cannot determine whether Plaintiff's claim is timely. On the court's own motion, the court will permit Plaintiff 30 days in which to (1) amend her Complaint to sufficiently allege a prima facie case of discrimination under Title VII, and (2) file a copy of her EEOC charge and right-to-sue notice with the court.

### B. Defendants Not Employers Within Meaning of Title VII

As alleged, Plaintiff cannot maintain her Title VII claims against any Defendants currently named in the Complaint. Title VII prohibits *employers* from engaging in certain unlawful employment practices because of an individual's race, color, religion, sex, or national origin. In addition, Title VII makes it unlawful for an "*employer* to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3 (emphasis added). Title VII does not impose individual liability on coworkers or supervisors. *Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir. 1999) (stating individual supervisors may not be held liable under Title VII); *McCann v. New World Pasta Co.*, 2010 WL 3834650, *1 (E.D. Mo. Sept. 27, 2010) (holding Title VII and ADA claims were legally frivolous as to individual defendants because chief executive officers, supervisors, and co-employees cannot be held individually liable under Title VII or ADA).

Here, Plaintiff named Glenda Green, Shelly Burghardt, and "O.P.S." as Defendants, but does not allege any one of these Defendants is or was her "employer" within the meaning of Title VII.[1] On its own motion, the court will permit Plaintiff 30 days in which to amend her Complaint to either sufficiently allege that any one of

---

[1] Based on Plaintiff's allegations, and in light of the fact that she resides in Omaha, Nebraska, the court assumes Defendant O.P.S. is Omaha Public Schools. However, this is not clear from the face of the Complaint. If O.P.S. is Omaha Public Schools, Plaintiff should so state in her amended complaint.

the defendants is her "employer" within the meaning of Title VII or, in the alternative, Plaintiff may amend her Complaint to name a proper defendant. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to amend her Complaint to clearly state a claim upon which relief may be granted, and to file a copy of her right-to-sue notice. If Plaintiff fails to file an adequate amended complaint within 30 days, this matter will be dismissed without further notice.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 29, 2013**: Check for amended complaint and right-to-sue notice.

5

DATED this 1st day of April, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.